```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARPENTERS HEALTH & WELFARE FUND    :
OF PHILA. & VICINITY, et al.,       :
                                    :
              Plaintiffs,           :
                                    :   CIVIL ACTION
     v.                             :
                                    :   NO. 09-CV-4701
SPECIAL SERVICES FOR BUSINESS &     :
EDUC., INC., et al.,                :
                                    :
              DEFENDANTS.           :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                              **May 31, 2011**

Before this Court is Plaintiffs' Motion for Adjudication of Civil Contempt and Other Relief Against Defendants Special Services for Business & Education, Inc. and David Diem (Doc. No. 8), to which Defendants have not responded.  For the reasons set forth in this Memorandum, the Court grants the Motion.

### I.  BACKGROUND

Plaintiffs filed a Complaint on October 9, 2009, alleging that Defendants failed to make contributions and submit dues and other amounts withheld from employee pay, in violation of their Labor Contract and Trust Agreements and in violation of ERISA. (Doc. No. 1.)  Plaintiffs sought an audit of Defendants' payroll records and other documents in order to calculate the amount that Defendants owed Plaintiffs and, thereafter, payment of the amount owed.  (Id.)  The Summons and Complaint were served on Defendants on November 16, 2009.  (Docs. Nos. 3, 4.)  Defendants failed to

plead, appear, or otherwise defend in this matter, and on December 15, 2009, Plaintiffs requested that a default be entered against Defendants. (Doc. No. 5.) The Clerk of Court entered the default, and on February 1, 2010, Plaintiffs filed a Motion for Judgment by Default. (Doc. No. 6.) Defendants again failed to respond in any way, and the Court entered a default judgment requiring Defendants to (1) submit to Plaintiffs all payroll books and records necessary for Plaintiffs to ascertain the precise amount of delinquent contributions due and owing for the period July 2008 to the present, and (2) pay Plaintiffs $8,811.46 in attorneys' fees and costs incurred in the prosecution of this matter through January 29, 2010, in accordance with the Collective Bargaining Agreement. (Doc. No. 7.) The default judgment was entered on March 5, 2010, and a copy of the order was sent to Defendants.

On September 28, 2010, Plaintiffs filed the instant Motion for Adjudication of Civil Contempt and Other Relief, asserting that Defendants had not complied with the Order of March 5, 2010. (Doc. No. 8.) Defendants never responded to the Motion. This Court thereafter issued a show-cause order, instructing Defendants to appear at a hearing to explain why they should not be held in civil contempt for failing to comply with the Order of March 5, 2010. (Doc. No. 9.) Defendants failed to appear at this hearing and to date have never communicated with Plaintiffs'

counsel or the Court, despite repeated attempts by Plaintiffs' counsel and this Court.[1]

## **II. DISCUSSION**

A. Contempt

"To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." John T. v. Del. County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003) (internal quotation marks omitted). These "elements must be proven by 'clear and convincing' evidence, and ambiguities must be resolved in favor of the party charged with contempt." Id. "[W]illfulness is not a necessary element of civil contempt," however, so even "good faith is not a defense." Robin Woods Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994) (internal quotation marks omitted).

Here, the first element is satisfied, as a valid court order exists: This Court ordered a default judgment entered on March 5, 2010, after Defendants were properly served with the Complaint and Summons but failed to appear or otherwise defend. The second element is satisfied, as Defendants had knowledge of the Order of March 5, 2010: It was mailed to Defendants and not returned. The final element is also satisfied, as Defendants undoubtedly

---

[1] The show-cause hearing was rescheduled several times; each time, notice was sent to Defendants. Defendants never responded. Although several of these notices were returned as undeliverable, the Order of March 5, 2010, granting the default judgment, was not returned.

have disobeyed the Order of March 5, 2010: Plaintiffs still have not received the documents and money that were ordered turned over to Plaintiffs, and have not even been contacted by Defendants to discuss resolution of the dispute. Hence, there is clear and convincing evidence that Defendants are in civil contempt of this Court's Order of March 5, 2010.

    B. <u>Sanctions</u>

"Sanctions for civil contempt serve two purposes: 'to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience.'" <u>Robin Woods</u>, 28 F.3d at 400 (citation omitted); <u>see also</u> <u>Latrobe Steel Co. v. United Steelworkers</u>, 545 F.2d 1336, 1344 (3d Cir. 1976) ("Remedial or compensatory actions are essentially backward looking, seeking to compensate the complainant through the payment of money for damages caused by past acts of disobedience. Coercive sanctions, in contrast, look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience." (footnote omitted)).

"Trial judges have a variety of weapons with which they can achieve these ends." <u>Latrobe</u>, 545 F.2d at 1344. For example,

> They may impose an indeterminate period of confinement which may be brought to an end only by the contemnor's

>     ultimate adherence to the court order. Alternatively,
>     the court may levy a fine of a specified amount for
>     past refusal to conform to the injunction, conditioned,
>     however, on the defendant's continued failure to obey.
>     The court may also specify that a disobedient party
>     will be fined a certain amount for each day of non-
>     compliance.

Id. (footnote omitted).

In this case, the Court will award Plaintiffs, as compensatory relief, the attorneys' fees and costs that they incurred in seeking Defendants' compliance with the Court's Order of March 5, 2010. See Robin Woods, 28 F.3d at 400 (affirming an award of attorneys' fees to restore the plaintiff to the position it would have occupied had the other side complied with the injunction); Schauffler v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus., 246 F.2d 867, 870 (3d Cir. 1957) (reaffirming that those in contempt of an injunction should pay "a sum which represents expenses necessarily incurred by [the plaintiff] in connection with the prosecution of the petition in civil contempt, including counsel fees and other expenditures incurred in the investigation, preparation, presentation and final disposition of the petition" (internal quotation marks omitted)).

To ensure compliance with the Court's Order of March 5, 2010, the Court will, beginning fourteen days from the entry of the present Order, fine Defendants $1000.00 per day for each day that they fail to turn over to Plaintiffs the documents and

payment required by the Order of March 5, 2010.  The Court stresses that this sanction is coercive, designed solely to bring Defendants into compliance with the Court's Order of March 5, 2010.  Defendants can avoid this sanction entirely by promptly complying with the Order.  See Latrobe, 545 F.2d at 1345 (holding that a "fine of $10,000 per day [that] could be triggered only by future intransigence on the part of the [contemnor]" was "clearly coercive in nature"); Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC, No. 07-1053, 2011 U.S. Dist. LEXIS 39496, at *17 (W.D. Pa. Apr. 12, 2011) ("[A] 'per diem fine imposed for each day a contemnor fails to comply with an affirmative court order' is a sanction for civil contempt.  Such per diem fines 'exert a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged.'" (quoting Int'l Union v. Bagwell, 512 U.S. 821, 829 (1994))); Schutter v. Herskowitz, No. 07-3823, 2008 U.S. Dist. LEXIS 91424, at *21 (E.D. Pa. Nov. 6, 2008) ("By the imposition of a per diem penalty, [the contemnor] 'carries the key[]' to his release from the sanction . . . .").

To further ensure compliance with the Court's Order of March 5, 2010, the Court will issue a bench warrant for Defendant Diem, so that Defendant Diem is brought before this Court and no longer avoids communication with the Court and Plaintiffs' counsel.  Again, the Court stresses that this sanction is coercive and

designed solely to bring Defendant Diem into compliance with the Court's Order of March 5, 2010:  Given Defendant's repeated failure to appear before the Court when instructed, and considering that it appears Defendant has deliberately sought to avoid receipt of any communication from this Court or Plaintiffs, the Court concludes that a bench warrant is necessary to establish compliance with the Order of March 5, 2010. (See Pl.'s Mot. Ex. 1 (detailing attempts over nearly two months to serve the default judgment and order on Defendant Diem personally and providing the process server's sworn conclusion that "[i]t appears Mr. Diem is avoiding service").)[2]

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is granted, Defendants are adjudged to be in civil contempt of this Court's Order of March 5, 2010, and the above-described sanctions are ordered.

---

[2] Should Defendants be unable to comply with the terms of the Order of March 5, 2010, or the present Order, Defendants are to notify the Court in writing so that the Court may revise the Order accordingly.  See, e.g., Int'l Plastics & Equip. Corp. v. Taylor's Indus. Servs., LLC, No. 07-1053, 2011 U.S. Dist. LEXIS 39496, at *19 (W.D. Pa. Apr. 12, 2011) ("In imposing either a fine or an award of attorneys' fees and expenses, the Court must consider that such a sanction would be improper if the contemnor is financially unable to make such payments.  The burden of proving such an inability 'plainly and unmistakably rests with the contemnor.'" (citation omitted)).  Defendants may not, however, simply avoid all communication with Plaintiffs' counsel and the Court.

7